IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-71-BO

| | |
|---|---|
| ROBERT and JACQUELIN WARRAN, ) <br> on behalf of themselves and all others ) <br> similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SMITH DEBNAM NARRON DRAKE ) <br> SAINTSING & MYERS, LLP and ) <br> ADAM GOTTSEGEN ) <br> ) <br> ) <br> Defendants. ) <br> ) | O R D E R |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. (DE # 36). Plaintiffs' Amended Complaint fails to state a claim. (DE # 33). Accordingly, Defendants' Motion to Dismiss is GRANTED.

I.  FACTS

Plaintiffs claim that Defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, when they sent Plaintiffs a collection notice regarding their home mortgage default on April 20, 2009.

Defendant Smith Debnam Narron Drake Saintsing & Myers, LLP is allegedly a law firm that advertises debt collection services and collects debts from North Carolina consumers. Defendant Adam Gottsegen is allegedly an attorney in Smith Debnam.

The FDCPA regulates communications between debt collectors and debtors. Plaintiffs primarily claim that Defendants violated the FDCPA when their letter told the Plaintiffs they had 45 days to challenge and request verification of their debt instead of the statutory 30 days. Essentially, Plaintiffs argue the Defendants offered Plaintiff too much time to exercise their rights.

The relevant parts of the letter state:

Dear Mr. and Mrs. Warren:

This firm has been retained by the Lender to commence foreclosure of the above property. You have an outstanding secured loan with the Lender and based on information provided to us, the loan account is in default due to the failure to make the required monthly payments for October 2008 through April 2009 when due. This letter is being sent to you to provide you with the opportunity to cure the default. You have 45 days from the date of this notice to cure the default by delivering to our office cash or certified funds payable to Smith Debnam Narron Drake Saintsing & Myers, LLP Attorneys, in the amount of $7,935.92.
\*\*\*
If the loan remains in arrears after the 45 day period provided in this letter, or you fail to make any payment that comes due during the 45 day period, then the remaining balance of your loan account may be accelerated without further notice to you, and the above property could be sold through foreclosure.
\*\*\*
The Deed of Trust and Promissory Note contain provisions for the collection of reasonable attorney's fees and you are hereby given notice of the Lender's intention to collect reasonable attorney's fees pursuant to N.C.G.S. 6-21.2 et seq. You are further notified by service of this letter that you have 45 days from the receipt of this letter to cure the default, as described herein, without incurring liability for reasonable attorney's fees. We assume this to be a valid debt unless you contact us within 45 days of your receipt of this letter to dispute all or any part of the balance indicated. If you provide us with written notice of any dispute with regard to this debt, we will provide you with verification of the debt and a copy of the judgment, if any, which has been rendered against you. Within 30 days of our receipt from you of any such notice, we will provide you with the name and address of the original creditor if different from the current creditor. This communication is from a debt collector. The purpose of this communication is to collect a debt. This is an attempt to collect a debt, and any information obtained will be used for that purpose.
\*\*\*
If you would like to discuss the account, you may contact me within the 45 day period provided by this letter. Please contact me at the above number to confirm accurate figures that are currently due.

2
Case 7:10-cv-00071-BO   Document 41   Filed 04/19/11   Page 2 of 8

Sincerely yours,<br>SMITH DEBNAM NARRON DRAKE

Exhibit A. Plaintiffs have not alleged they were damaged by this letter. Instead, Plaintiffs demand they are entitled to statutory damages, to represent a class of other potential claimants, and to have their counsel recover substantial attorney fees.

## II. DISCUSSION

Plaintiffs fail to state a claim under 15 U.S.C. §1692g or §1692e for any statement in the Defendants' letter. The Court thus grants Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.

### A. Standard of Review

The Supreme Court has stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions and a formulatic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). Factual allegations must be enough to raise a right to relief above "the speculative level" and the pleading must contain something more than a statement of facts that merely creates "a suspicion" of a legally cognizable right of action." Id. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citations omitted).

### B. Dismissing Claims under 15 U.S.C. §1692g(a)(3)

Defendants did not violate FDCPA 1692g(a)(3) when they stated the debtors had 45 days to cure default, to avoid acceleration, to avoid attorney fees, and to dispute their debt. The Court

finds Plaintiffs' claims to be frivolous and Plaintiffs' briefing on these claims to be misleading and deceptive.[1]

The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. United States v. National Financial Services, Inc., 98 F.3d 131, 135 (4th Cir. 1996). Section 1692g(a)(3) states that a debt collector shall send the consumer a written notice containing "a statement that unless the consumer, *within thirty days* after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." (emphasis added). Section 1962g(a)(4) also requires the written notice to contain "a statement that if the consumer notifies the debt collector in writing *within the thirty-day period* that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." (emphasis added).

The Fourth Circuit evaluates FDCPA claims under the "least sophisticated debtor" doctrine which seeks to protect "naive consumers," while "preserving a quotient of reasonableness and presuming a basic level of understanding." Chaudhry v. Gallerizzo, 174 F.3d 394, 409 (4th Cir. 1999).

Here, Plaintiffs assert that the statute's 30-day time frame is not only a floor, but is also a ceiling. Plaintiffs attempt no statutory analysis. Even assuming that Plaintiffs' interpretation aligns with the statute's plain meaning, this interpretation is nothing less than absurd. See, e.g., Commissioner v. Brown, 380 U.S. 563, 571(1965) ("Unquestionably the courts, in interpreting a

---

[1] Plaintiffs are represented by Angela O. Martin from Martin Attorney at Law, PLLC in Sanford, North Carolina and Craig M. Shapiro and O. Randolph Bragg from Horowitz, Horowitz, & Associates in Chicago, Il. Martin was sanctioned in this district two months ago for filing a frivolous suit with misleading legal support under the FDCPA. Myers v. Sessoms & Rogers, P.A., 2011 WL 683914 (E.D.N.C. Feb. 17, 2011).

statute, have some scope for adopting a restricted rather than a literal or usual meaning of its words where acceptance of that meaning would lead to absurd results or would thwart the obvious purpose of the statute.")(Internal citations and quotations omitted). Plaintiffs' interpretation perverts both the intent and purpose of the FDCPA. The FDCPA seeks to protect debtors from collectors undermining their rights. Defendants cannot be penalized for giving debtors more time to assert their rights than the statute provided.

Indeed, Plaintiffs have cited no case law for their claim that a 45-day time frame violates 1692g(a). Defendants correctly point out that in all the 14 cases that the Plaintiffs cited[2] regarding § 1692(a), the question was whether the debt collector had shortened the time frame, not lengthened it. See, e.g., National Financial Services, Inc., 98 F.3d at 139 (demand for immediate payment or payment within 10 days conflicted with less-visible 30 day notice); Miller v. Payco-General American Credits, Inc., 943 F.2d 482 (4th Cir. 1991) (30 day notice overshadowed by demands for immediate payment in larger and more prominent type). Plaintiffs acknowledge the accuracy of Defendant's observation in their Response, and unpersuasively attempt to argue this observation is "insignificant." Pls.' Resp. at p. 11.

Indeed, debt collectors do not violate the FDCPA by giving debtors more rights. In Arend v. Total Recovery Services, for example, the Court held that the "[t]he FDCPA does not prohibit a debt collector from giving the consumer more than thirty days to exercise his right to obtain validation of the debt. It is neither deceitful nor false, even to the least sophisticated consumer, for Defendant to offer Plaintiff additional time to exercise his right to obtain validation of the debt." No. 05-CV-3064, 2006 WL 2064977, at *3 (E.D.N.Y. July 26, 2006)(unpublished). Also see, Roudebush v. Collector, Inc., 1:03-CV-1126, 2004 WL 3316168, at *5 (S.D. Ind. Nov. 12,2004)( holding that debt collector could not violate the FDCPA when its letter "actually goes

---

[2] See Plaintiffs' Mem. In Supp. of Mot. for Leave to File First Amended Compl. at p. 3, n. 4.

beyond the requirements of the FDCPA ... [the collector] is extending an additional right to its target debtors, above and beyond those mandated by the FDCPA.")[3]

Plaintiffs argue that while a debt collector may expand a debtor's rights "in practice," they must do so only after they have effectively convened their statutory rights, and then use "transitional language" to explain the difference. Pls.' Resp. at p. 17. Plaintiff makes this argument again using misleading legal support.[4] Plaintiffs further imply that the letter's reference to a 45-day time frame may cause debtor confusion: "Defendants should have explained the difference between the two time frames and assured the consumer that the 30 day time frame ... is not affected by the 45 day time frame repeated throughout the letter." Pls.' Am. Compl. at ¶ 44. Like the rest of Plaintiffs' briefing, these arguments are unconvincing and have no legal support. In reality, requiring the debt collector to explain two different time frames would likely only cause debtor confusion.

Plaintiffs also argue that the 45-day time frame would result in debtors waiving their statutory rights:

> If a consumer follows the volatile language contained in Defendants' letter and disputes his debt or requests verification within 31-45 days of receipt of the letter, that consumer will have waived his or her rights under the FDCPA. Defendants are not bound by the Act to extend those statutory rights to any late-disputing consumers.

Pls.' Resp. at pp. 12-13. Plaintiffs, however, do not allege that the Defendants extended Plaintiffs' rights only to then revoke them. If a debt collector had in fact done this, a debtor could

---

[3] The Plaintiffs ironically cited this case for the proposition "the validation notice must explain to the debtor that he or she has thirty days to dispute the validity of the alleged debt." Pls.' Resp. at 10, n. 6.

[4] Plaintiffs state "[w]hen a debt collector provides a second time period – whether based on a separate statute or otherwise – that is different from the express 30 days provided by Congress under Section 1692g(a), the debt collector must use "transitional" language to explain the difference to the consumer. See Jacobson; Savino; Bartlett; and McCormick (full citations are listed in fn 2 of this Memorandum)." Pl.'s Response at 3-4.

Although Plaintiffs cite to these cases several times, they have nothing to do with a debt collector giving a debtor more rights than required under the statute. See, e.g., Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 92 (2d Cir. 2008) ( requiring a debt collector to use "transitional language" to simultaneously inform the debtor of their statutory right to contest a debt while also demanding immediate payment) (citing Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998)).

sue under § 1692(e) for a "false, deceptive, or misleading representation." It is thus unnecessary to stretch 1692g(a) to provide for this purely hypothetical situation.

In conclusion, nothing in the Defendants' letter can be read by even the least sophisticated consumer to apply *less than* a 30 day period for verification or dispute of the Debt. Thus, Plaintiffs fail to state a claim under §1692g(a).

### C. Dismissing Claims under 15 U.S.C. § 1692e

Plaintiffs also fail to state a claim under §1692e and §1692e(10) regarding the 45-day time frame. Additionally, Plaintiffs fail to state a claim under 1692e, §1692e(5), §1692e(10), and §1692e(2)(A) for Defendants' statement that "the remaining balance of your loan account may be accelerated without further notice to you, and the above property could be sold through foreclosure."

Section 1692e forbids the use of "any false, deceptive, or misleading representation or means" in debt collection. This section provides a non-exhaustive list of prohibited conduct, including: "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." §1692e(5); "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," §1692e(10); and "the false representation of …the character, amount, or legal status of any debt." §1692e(2)(A). As stated previously, the Fourth Circuit uses the "least sophisticated debtor" standard in evaluating alleged violations under the FDCPA. National Financial Services, Inc., 98 F.3d at 135.

Plaintiffs first claim that Defendants violated §1692e and §1692e(10) by using the 45 day time frame instead of the statutory 30-day time frame. For all the reasons discussed in the previous section, these claims have no merit.

7

Plaintiffs also claim that Defendants violated each of these sections by threatening to foreclose "without further notice." Plaintiffs state this contradicted the requirements of North Carolina General Statute § 45-21.16(c), which states that no one can send a foreclosure hearing notice to a debtor unless the note holder states in writing that it has sent certain information to the debtor within 30 days of the notice.

Plaintiffs also fail to state a claim under §1692e, §1692e(5), §1692e(10). Defendants statement did not threaten to foreclose upon the Warren's house "without further notice" as Plaintiffs allege. Instead, it states that the note "may be accelerated without further notice to you, ...." The statement then continues that the "property could be sold through foreclosure." Both statements are true. It is undisputed that no notice is necessary to accelerate the loan, and that failure to pay the loan "could" result in foreclosure. Thus, Plaintiffs have failed to show these statements were false or misleading.

Plaintiffs' § 1692e(2)(A) claim is merely conclusionary. There is nothing is Defendants' statement that falsely represents the character, amount, or legal status of Plaintiffs' debt.

### III. CONCLUSION

The Court DISMISSES all of Plaintiffs claims for failure to state a claim.

SO ORDERED, this __15__ day of April, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE